FILED

04 JUL -9 PM 1:29

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

**DISTRICT COURT OF THE UNITED STATES OF AMERICA
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION**

| | |
|---|---|
| **Burlan O. and Virginia A. Akins** ) | case#2:04-mc-11-FtM-29SPC |
| Unrepresented Petitioners ) | |
| ) | **MOTION TO WITHDRAW** |
| v. ) | **COMPLAINT AND REPLACE** |
| United States of America, and ) | **WITH EX PARTE MOTION** |
| INTERNAL REVENUE SERVICE, IRS, ) | **TO ENFORCE DEFAULT** |
| artificial entity respondents ) | |
| COMMISIONER OF INTERNAL ) | |
| REVENUE public servant respondent ) | |

This MOTION TO ENFORCE RESPONDENT'S DEFAULT BY DECLARATORY JUDGMENT AND is brought without oral argument.

**MOTION FOR DECLARATORY JUDGMENT**

Petitioners move to enforce respondent's notorious administrative default at law for want of a plea. There are no issues of facts, only issues of law in this case as respondent's default has shown. IRS is estopped from further pleading as a matter of law and any such plea is now patently frivolous because of lach and bar at law.

Formal trial is not necessary, as the only witness for the Petitioners is the Commissioner of the Internal Revenue Service and the only issues are those of law, wherefore Petitioners hereby motions for Declaratory Judgment upon the verified record of the case.

MOTION TO ENFORCE RESPONDENT'S DEFAULT          Pg. 1 of 5

Petitioners have searched the records made available and find no proof of jurisdiction upon the record. While it may be said that the Petitioners live in a federal district court district, such can not covey any venue jurisdiction over the parties nor the property of the Petitioners. There is no nexus for jurisdiction in the administrative proceeding as the Federal government civil jurisdiction can only extend to the several states.

Such jurisdiction was excessively and falsely exercised in Hagans v Levine and U.S. v Lopez by the district courts, civil and criminal respectively and both were termed non existent. In fact in the Hagans case, even the circuit court erred in excess of jurisdiction in support of the district court. While in the Hagans case the jurisdiction was found to exist in subject matter, however there was no diversity. In the case of U.S. v Lopez there was neither subject matter nor personal jurisdiction and both were declared void of jurisdiction as Petitioners have shown upon the verified record of this case.

Petitioners's verified default judgment shows that jurisdiction was challenged and IRS had a ministerial duty to show such jurisdiction and by conspicuous silence admitted to such lack of jurisdiction in subject matter, personal, and rem in the matter brought by First Amendment complaint.

There is likewise no showing on this record of any basis for jurisdiction upon the record. This court has a ministerial duty to give declaratory judgment upon the record in this case and to enforce the administrative default judgment against the IRS. To do less is deny due process, is differential treatment under the law, and chilling to the Right to Redress and ministerial duty of IRS to show a basis for jurisdiction upon the record.

A study of the History of the Constitutional Convention will show the founders formed a Federal Government and National powers were not given this Federal government to act outside of Art. 1 § 8 cl. 17 except in special circumstances nexus related to special given powers to wit:

> USAM, Title 9, Criminal Resource Manual § 664 Territorial Jurisdiction
> Of the several categories listed in 18 U.S.C. § 7, Section 7(3) is the most significant, and provides:
> The term "special maritime and territorial jurisdiction of the United States," as used in this title, includes: . . .
> (3) Any lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building.
> As is readily apparent, this subsection, and particularly its second clause, bears a striking resemblance to the 17th Clause of Article I, Sec. 8 of the Constitution..... The constitutional phrase "exclusive legislation" is the equivalent of the statutory expression "exclusive jurisdiction."
>
> § 662 Maritime, Territorial and Indian Jurisdiction-Generally
> Jurisdiction over most personal and property crimes within our Federal system is vested in the states. The Federal government enacts criminal laws primarily for the protection of its own functions (e.g., 18 U.S.C. § 1001); personnel (e.g., 18 U.S.C. § 1114); and property (e.g., 18 U.S.C. § 641). It intrudes into the area generally left to the states only where special circumstances warrant its providing auxiliary law enforcement assistance to the states unable to act beyond their borders (e.g., 18 U.S.C. §§ 659, 2113, 2314). For Federal jurisdiction to exist, the underlying conduct must be based upon or linked to some "nexus," such as use of the mail, 18 U.S.C. § 1341, interstate commerce, 18 U.S.C. § 2314, or Federal insurance, 18 U.S.C. § 2113.

Petitioners have shown, the Federal Government has no inherent power within the several states upon those upon private property without a nexus to Federal Jurisdiction. All history of the Constitutional Convention show the founders never intended the Federal Government to generally have direct and coercive power to act directly upon the People.

Using National powers in the states would convert the government into a dictatorship no different than most National governments in the World today which the Congress calls dictatorships.

A search of records obtained by informal discovery, show no lawful nexus for Federal venue jurisdiction, nor any lawful foundation in law for the "proposal" of debt by IRS. IRS relies upon information reports which are not evidence and can not be introduced into any court as evidence because they are purely hearsay with no verification. Petitioners are the Creators of law and not a person in law, nor is the code law which is rebutted at all times, and IRS has not shown any statutes at large which would abrogate the common law as shown in respondent's notorious administrative default. This court therefore has a ministerial duty to enforce the default for the all verified record in this case. To reject Petitioners's respondent default would be unequal treatment under the law, arbitrary and capricious differential standard.

Therefore the respondents are in default, Petitioners are entitled to declaratory judgment upon the record as a ministerial duty of the court.

**VERIFICATION**

We, Burlan O. and Virginia A. Akins knowing the penalty for bearing false witness before his Creator, affirms that the foregoing, it is true and correct, to the best of our knowledge and belief, not brought to vex, annoy, delay, or any other improper purpose, believing that it is firmly justified by right and law.

Submitted this 9th day of July, 2004,

_____         _____
Burlan O. Akins                                                  Virginia A. Akins
20060 Seagrove St. Unit 1803
Estero, FL 33928
239-948-4787

## CERTIFICATE OF SERVICE

We, Burlan O. and Virginia A. Akins, affirm that we have sent a copy of this Motion to Enforce Respondent's default on this 9th day of July, 2004 by first class certified mail [Certified Mail #7003 3110 0001 1924 5432] to counsel of record, addressed to:

Chief Counsel for United States
U.S. Dept. of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530-0001

_____
Burlan O. Akins

_____
Virginia A. Akins